IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| UNITED STATES OF AMERICA<br>Plaintiff,<br>vs.<br><br>DOMINGO BAEZ, MAURISIO RAMIREZ,<br>and GILBERT ACEVEDO,<br><br>Defendants. | Case No. CR-08-149-BLG-JDS<br><br><br>ORDER |
|---|---|

Presently before the Court are Defendants Baez and Ramirez's Motions for Judgment of Acquittal and Defendant Ramirez's Motion for a new trial. Defendants Baez and Acevedo join in Defendant Ramirez's Motion for a new trial.

1.    Defendant Baez's Motion for Judgment of Acquittal

Fed.R.Crim.P. 29 allows a Defendant to seek a judgment of acquittal within 14 days of his conviction. In viewing the evidence in the light most favorable to the prosecution, a court must determine if a rational trier of fact could have found the essential elements of the offense charged beyond a reasonable doubt. United States v. Rosales, 516 F.3d 749, 751-52 (9th Cir. 2008).

A.    VARIANCE

In bringing his present motion, Defendant Baez re-raises an earlier argument that the proof at trial established two distinct conspiracies such that a variance from the Indictment was created. On

that basis, Baez contends that a judgment of acquittal is necessary.

Specifically, Baez cites to Count I of the Second Superseding Indictment which alleges, starting "on or about January 1, 2004, and continuing thereafter until on or about September 11, 2008, in Yellowstone and Carbon Counties, in the State and District of Montana, and elsewhere," a conspiracy to possess, with intent to distribute, five of more kilograms of cocaine.

However, Baez argues that the evidence at trial established two distinct and separate cocaine conspiracies during that time period alleged in the Indictment. Thus Defendant alleges that there was a variance between what was alleged in the Indictment and what was presented at trial.

A variance occurs when the proof presented at trial differs materially from the facts alleged in the Indictment. United States v. Antonakeas, 255 F.3d 714, 722 (9th Cir. 2001). As noted by Plaintiff, a variance is shown when, in viewing the evidence presented at trial in the light most favorable to the prosecution, no rational trier of fact could have found the elements of the crime charged beyond a reasonable doubt. United States v. Abushi, 682 F.2d 1289, 1293 (9th Cir. 1982). However, a variance does not require reversal "unless it prejudices the defendant's substantial rights." United States v. Hartz, 458 F.3d 1011, 1020-22 (9th Cir.2006). Consequently, the Court must determine whether a variance occurred, and if so, was it prejudicial. United States v. Durades, 607 F.2d 818, 819 (9th Cir. 1979).

In the instant case, Defendant Baez alleges the difference between the Indictment, which specified a conspiracy to distribute five or more kilograms amongst the named Defendants from January 2004 to September 2008, and the evidence presented at trial, which involved a separate conspiracy between Defendant Baez, Ricardo Collazo-Canales and Matt Lamonaca to distribute cocaine within that time frame, was a variance which requires acquittal.

Consequently, Defendant Baez alleges that the evidence of this separate conspiracy had a

spillover effect into the conspiracy for which he was on trial for and precluded the jury from giving separate and individual consideration to the charged Indictment. Kotteakos v. United States, 328 U.S. 750, 755-56 (1946).

After consideration, this Court concludes that Defendant Baez's argument does not constitute a material variance. Defendant's citation to certain testimony relating to Matt Lamonaca and Ricardo Collazo-Canales took a very minor role in the trial. While the vast majority of the evidence presented related to contacts between the charged Defendants, which included wiretaps, controlled buys and eyewitness testimony of the three Defendants together. Moreover, much of the testimony from witness Collazo-Canales dealt with his interactions with Defendant Baez. Consequently, viewing the evidence in the light most favorable to the prosecution, this Court concludes that the testimony presented at trial substantially supported the charges in the Indictment. Any evidence presented of drug transactions with other parties not named in the Indictment did not constitute a material variance that would require acquittal. Defendant Baez's Rule 29 Motion for Judgment of Acquittal on this ground is DENIED.

  B. EVIDENCE OF DRUG QUANTITY WAS INSUFFICIENT.

Defendant Baez next argues that the jury verdict which found him guilty of distributing more than 500 grams of cocaine but less than five kilograms of cocaine was insufficient. Specifically, Defendant Baez contends that the evidence presented at trial to support the jury's finding was speculative at best.

However, this Court recalls the testimony from witness Collazo-Canales stating he observed Defendant Baez with numerous kilograms of cocaine. This is in addition to Collazo-Canales receiving cocaine from Baez for purposes of distribution. Further, there was testimony from numerous buyers that stated that they purchased cocaine from Baez directly or from one of his distributors.

Consequently, given the conspiracy charge, this Court finds that the jury had non-speculative evidence for its consideration that supported a finding that Baez distributed more than 500 grams of cocaine but less than five kilograms and there was substantial evidence to support their finding. United States v. Dior, 671 F.2d 351, 357 (1982). Defendant Baez's Rule 29 Motion on this ground is DENIED.

### C. IMMUNIZED STATEMENTS

Defendant re-raises his pre-trial argument that the Second Superseding Indictment should be dismissed because it was obtained based on statements made by Baez pursuant to a use immunity agreement. This Court previously denied this argument. *See Doc. # 144.* Defendant's new arguments do not change this Court's prior holding. Defendant Baez's Rule 29 Motion on this ground is DENIED.

### D. STANDARD OF PROOF

Lastly, Defendant Baez and Defendant Ramirez argue that a Judgment of Acquittal is necessary because they were denied their Constitutional rights. Specifically, Defendants contend that on one of the "Juror Evaluation" forms, when Defendant Ramirez's attorney, Colin Stephens, was asked "[w]hat skills can the attorney improve upon," a juror responded "try harder to prove Defendant's (sic) was innocent."

Based on this, Defendants argue that this juror misunderstood the Defendants' constitutional rights regarding the burden of proof as well as the presumption of innocence. Further, Defendants contend that the juror failed to follow the Court's instructions. As it was in relation to Defendant Ramirez and his attorney that this issue arose, it will be discussed in his Motion for Acquittal.

2.  *Defendant Ramirez's Motion for Judgment of Acquittal*

Defendant contends that the jury's conviction of him on the conspiracy count (Count I) is

unsupported by the evidence. Specifically, he contends that the Government's case against him consisted solely of the testimony of Ricardo Collazo-Canales and three recorded telephone calls that he contends is not him. In addition, Defendant contends that witness Collazo-Canales' testimony amounts to an uncorroborated extrajudicial confession and is therefore insufficient to support a conviction. Opper v. United States, 348 U.S. 84, 93 (1954).

Looking first at the evidence presented at trial against Defendant Ramirez: (1) there were wiretaps that tied Ramirez to the conspiracy; (2) witness Collazo-Canales saw Ramirez and Baez together in Billings; and (3) witness Collazo-Canales testified to a story that Baez told regarding how he and Ramirez met and how, in the past, they had jointly purchased and distributed cocaine. Taking this evidence together, this Court finds that, for purposes of a Rule 29 motion, there is sufficient evidence to support a jury finding of guilty on the conspiracy count.

In addition, relying on Opper v. U.S., 348 U.S. 84 (1954), Ramirez argues that Baez's statements to Collazo-Canales regarding his relationship with Defendant Ramirez constitute an uncorroborated extra-judicial confession and therefore is insufficient to support a conviction.

However, as noted by the Government, Collazo-Canales witnessed Baez and Ramirez together. Further the Court recalls testimony that Collazo-Canales was aware of Acevedo's relationship to Ramirez and witnessed Acevedo deliver a kilogram of cocaine to Baez. The Court concludes that this is sufficient to corroborate Collazo-Canales' testimony regarding Baez's statements about his relationship with Ramirez. Defendant Ramirez's Rule 29 motion on this ground is DENIED.

Lastly, Ramirez seeks acquittal on the grounds that when his attorney Colin Stephens received the juror evaluation forms, one of the jurors, when asked "[w]hat skills can the attorney improve upon," responded "[t]ry harder to prove Defendant's (*sic*) was innocent." Relying on these statements, Defendant argues that this specific juror failed to follow this Court's jury instructions

regarding the burden of proof and impermissibly shifted the burden of proof regarding innocence to the Defendant.

The Government responds by noting that Fed.R.Evid. 606(b) precludes the Court from considering the evaluation. In addition, the Government argues that statements made by a lay person, as was the case here, cannot constitute evidence of a burden shift as Defendant would suggest.

Having reviewed the substance of Rule 606(b), this Court agrees with the Government that the juror evaluation form constitutes testimony regarding the validity of verdict outside of those few matters allowed under the Rule. Consequently, this Court cannot consider the juror evaluation form. In addition, in this Court's reading of that juror's statement, appears that he is making a personal observation, although poorly stated, of the Defendant Ramirez's attorney's representation. Consequently, the Court concludes that a Rule 29 motion on this ground is DENIED.

3.   *Defendant Ramirez's Rule 33 Motion*

Lastly, Defendant Ramirez files this present motion, pursuant to Fed.R.Crim.P. 33, seeking a new trial. Defendants Baez and Acevedo join in this motion. In support of this motion, Ramirez argues that prejudicial error occurred when (1) the jury was provided an audio device to listen to audio wiretap recordings that had been admitted into evidence and (2) when one juror, in his evaluation form, allegedly admitted to shifting the burden of proof.

As to Defendant Ramirez's argument regarding the use of the audio device, the Court recalls that the jury sent a note out to request a audio device to listen to the recorded wiretap cd exhibits that had been admitted into evidence that contained audio recordings of the Defendants. Upon receipt of the note, the Court, on the record, informed all attorneys in the case, as well as Defendant Ramirez,

regarding the request.[1]  All attorneys and  Defendant Ramirez agreed, on the record, to provide the jury with an audio device in order to play the audio wiretap CDs.  At this time, it is important to note that the recordings were in the Spanish language and the jury already had translated transcripts of these recordings.

Generally, to prevail on a motion for a new trial on the grounds of newly discovered evidence under Federal Rule of Criminal Procedure Rule 33, the defendant must satisfy a five-part test: "(1) the evidence must be newly discovered; (2) the failure to discover the evidence sooner must not be the result of a lack of diligence on the defendant's part; (3) the evidence must be material to the issues at trial; (4) the evidence must be neither cumulative nor merely impeaching; and (5) the evidence must indicate that a new trial would probably result in acquittal." Id. at 548-49.

Having reviewed the two grounds raised by Defendant Ramirez in support of a new trial, the Court cannot conclude that either ground satisfies the "newly discovered evidence" criteria under Rule 33.  In addition, regarding Ramirez's juror misconduct claim that alleges an impermissible burden shift, this Court has already found that argument to be unsupported and therefore cannot be relied on in support of a Motion for a new trial.

As to the issue of allowing the jury to listen to the wiretap recordings, clearly that cannot be considered "newly discovered evidence" as all parties to the case were present at the discussion of whether or not to allow the jury to listen to the wiretap CDs.  Regardless, Defendant Ramirez argues that Ninth Circuit case law  disapproves of the practice of allowing the jury to listen to previously admitted audio recordings without the Defendants present.  U.S. v. Richard, 504 F.3d 1109, 1115 (9th Cir. 1995).

---

[1] Defendant Baez and Defendant Acevedo waived their presence to attend any hearings regarding any jury notes.

In Richard, the Ninth Circuit noted that the play back of selected portions of a witness' trial testimony comprising the core of the government's case unduly emphasized this testimony. Id., 504 F.3d at 1113. However, in U.S. v. Felix-Rodriguez, 22 F.3d 964 (9th Cir. 1994), the Ninth Circuit was presented with a more analogous situation in that tape-recorded conversations between the defendant and another party were replayed during jury deliberations. In that case, because there was sufficient corroborating evidence against the Defendant, the tape recording did not effectively repeat the Government's entire case. Id., 22 F.3d at 966 (*citing* United States v. Sacco, 869 F.2d 499, 501-502 (9th Cir.1989)). Consequently undue emphasis on the taped conversations did not occur. Id.

However, like Felix-Rodriguez, the Defendants were not present when the taped conversations occurred and there the Ninth Circuit concluded that error had occurred even though defense counsel had failed to object. Id., 22 F.3d at 967. The Ninth Circuit has held that a defendant has a right to be present when tape-recorded conversations are replayed to a jury during its deliberations. United States v. Kupau, 781 F.2d 740, 743 (9th Cir. 1986). Further, a personal waiver from the defendant himself of his right to be present and not through his attorney is required. Id.  I

Ironically, the only Defendant that was present during the open court teleconference was Defendant Ramirez. The Court recalls Defendant Ramirez's specific assent to the replay of the wiretap conversations. Consequently an argument can be made that Defendant Ramirez, unlike Defendants Baez and Acevedo, lacks standing to make this argument because he in fact personally waived his right to be present.

Ultimately, the Felix-Rodriguez Court concluded that although there was error in replaying the taped conversations without the defendant present, he suffered no prejudice and therefore the error was harmless.

In our instant case, unlike Richard, the wiretaps were not the core of the Government's case.

There was other testimony received into evidence from ATF agent Diane Jenkins as well as witness Collazo-Canales that established a drug conspiracy connection between these three Defendants. In addition, the jury already heard the recordings during the course of the trial and already had the translated transcripts of the recordings in their position at the time of their request. Consequently, this Court concludes that although the decision to allow the replay of these recordings outside the presence of jury was in error, Defendant Ramirez has failed to show how he is prejudiced by this error. For the foregoing reasons, this Court finds the replay of the wiretap recordings outside the presence of the Defendants to be harmless error. Defendants' Motions on this ground shall be DENIED.

For the foregoing reasons, IT IS HEREBY ORDERED that,

1. Defendant Baez's Motion for Judgment of Acquittal (*Doc. #177*) is DENIED;

2. Defendant Ramirez's Motion for Judgment of Acquittal (*Doc. #173*) is DENIED;

3. Defendant Ramirez's Motion for a New Trial (*Doc. #175*) is DENIED;

4. Defendant Acevedo's Joinder in Defendant Ramirez's Motion for a New Trial (*Doc. #181*) is DENIED;

5. Defendant Baez's Joinder in Defendant Ramirez's Motion for a New Trial (*Doc. #179*) is DENIED.

DATED this 27th day of May, 2010.

      /s/ Jack D. Shanstrom
JACK D. SHANSTROM
SENIOR U.S. DISTRICT JUDGE